**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORGE L. MONTES,

             Petitioner - Appellant,

  v.

AMY MILLER,

             Respondent - Appellee.

No. 12-55756

D.C. No. 2:11-cv-01278-AG-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted July 10, 2014
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Jorge Montes, a California state prisoner, appeals the district court's order denying his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review *de novo* the district court's order denying the petition, *see Hibbler v. Benedetti*, 693 F.3d 1140, 1145-46 (9th Cir. 2012), and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Montes contends that the California Court of Appeal unreasonably determined that his confession was voluntary and was not the product of the interrogating officers' threats of familial separation and suggestions of leniency.

The California Court of Appeal's determination that Montes' confession was voluntary was neither contrary to nor an unreasonable application of clearly established federal law. *See id.* at 1146 (noting that habeas relief is only available if the state court decision is contrary to or an unreasonable application of clearly established federal law, or an unreasonable determination of facts in light of the evidence presented in the state court proceeding); *see also Lego v. Twomey*, 404 U.S. 477, 478 (1972) ("[O]nly voluntary confessions may be admitted at the trial . . ."). The California Court of Appeal's conclusion that Montes' confession was the result of the polygraph examiner's indisputably permissible statements, and not the product of the officer's interrogation tactics was not an unreasonable determination of the facts in light of evidence that Montes maintained his innocence despite the officer's coercive tactics, and only confessed after being told he had failed the polygraph examination. *See Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004) (holding that a state court's factual determination is unreasonable where there is no supporting evidence in the record).

**AFFIRMED.**